UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cv-00615-W

| | |
|---|---|
| KIMBERLY F. SHAREEF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| PATRICK R. DONAHOE, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. No. 10), filed February 10, 2012. Plaintiff, who appears pro se, filed two responses: one on February 17, 2012 (Doc. No. 11) and one on February 21, 2012 (Doc. No. 12). This second filing is substantially similar to the first filing but includes some additional argument and case law concerning how courts treat pro se filings. Defendants replied to Plaintiff's response on March 7, 2012, (Doc. No. 13), to which Plaintiff filed a sur-reply (Doc. No. 14). The Court notes that sur-replies are not permitted under the Rules of this Court and advises Plaintiff, who is proceeding pro se, that future sur-replies will be stricken by the Court unless Plaintiff seeks and receives permission before filing a sur-reply. Nevertheless, this matter is now ripe for ruling. For the reasons set forth below, the Court DENIES Defendants' motion in part and GRANTS the motion in part.

Plaintiff, who was employed as a postal worker, filed a complaint against Defendants Patrick Donohoe, who is Postmaster General of the United States Postal Service, as well as David Mills and Rodney K. Deflumeri, alleging discrimination under 42 U.S.C. § 1985 and Title VII of the 1964 Civil Rights Act. Defendants have moved to dismiss the complaint on two grounds. First,

Defendants seek dismissal of individuals David Mills and Rodney K. Deflumeri. Pursuant to 42 U.S.C. § 2000e-16(c), the head of the United States Postal Service is the Postmaster General and is the only properly named defendant in this case. Plaintiff has not presented sufficient reason or allegation as to why these individuals should be included, and the Court therefore GRANTS that portion of Defendants' motion seeking dismissal of the claims against these individual defendants.

Second, Defendants argue that Plaintiff untimely filed her complaint such that dismissal is warranted. It is well-settled law that Title VII creates a ninety-day statute of limitations in which an individual may file a civil action. Watts-Means v. Prince-George's Family Crisis Ctr.,7 F.3d 40, 42 (4th Cir. 1993); 42 U.S.C. § 2000e-16(c) (2005); see also 29 C.F.R. § 1614.407 (2006). Thus, "the right to bring suit under Title VII is lost, absent grounds for equitable tolling, by a failure to file within the ninety-day period . . . ." Dixon v. Digital Equip. Corp., 976 F.2d 725, 725 (4th Cir.1992).

Because statutory time limits under Title VII are not jurisdictional, they are subject to equitable tolling. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 92, 95-96 (1990) (extending its holding in Zipes to the filing of a civil action against the federal government after receiving a final action letter from the EEOC); Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) ("[F]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling."); see also Gayle v. United Parcel Serv., Inc., 401 F.3d 222, 226 (4th Cir.2005) (determining that the 180-day time limit under Title VII was subject to equitable tolling).

"As a general matter, principles of equitable tolling may, in the proper circumstances, apply to excuse a plaintiff's failure to comply with the strict requirements of a statute of limitations." Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir.2000). "Procedural requirements established by

-2-

Case 3:11-cv-00615-FDW-DCK   Document 15   Filed 03/20/12   Page 2 of 5

Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).  Thus, the equitable remedy of tolling is "typically [applied] only sparingly." Irwin, 498 U.S. at 96; see also Chao v. Va. Dep't of Transp., 291 F.3d 276, 283 (4th Cir.2002) ("The circumstances under which equitable tolling has been permitted are . . . quite narrow."); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.2003) (en banc) (equitable tolling is available in "'those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'") (quoting Harris, 209 F.2d at 330), cert. denied, 541 U.S. 905 (2004).  In the Fourth Circuit, equitable tolling is applied in two distinct kinds of situations: (1) where the plaintiff was prevented from asserting his or her claims by some kind of wrongful conduct on the part of the defendant, and (2) where "extraordinary circumstances beyond plaintiff['s] control made it impossible to file the claims on time." Harris, 209 F.3d at 330.

     Here, the gravamen of Defendants' motion to dismiss is that Plaintiff, who appears pro se in this matter, filed her complaint outside the ninety-day time limitations period allowed under law.  It is uncontested that Plaintiff filed her complaint on the ninety-third day, that is Monday, December 5, 2011.  Plaintiff presents detailed argument and evidence indicating that around 3:15 p.m., on Friday, December 2, 2011, she reported to the courthouse in this district and attempted to gain access to the Clerk's office in order to file her complaint within the ninety-day time limit.  Plaintiff further indicates that she was escorted to the Clerk's office by several Court Security Officers (whom she is able to identify by name in her response) but was unable to accomplish the filing of her complaint because the Clerk's office had closed early for the day in light of a ceremony being held to honor the Honorable George Hodges.  The undersigned has confirmed with courthouse staff

that the Clerk's office did indeed close at 3:00 p.m. on Friday, December 2, 2011, for Judge Hodges' ceremony. Further, the Court takes judicial notice that the Clerk's office normally does not close until 4:30 p.m. The Court also takes judicial notice that no notice was given to the general public that the Clerk's office would be closing for the ceremony.

Defendants argue that because the Clerk's office was not closed *all day*, the courthouse was not inaccessible under Rule 6(a)(3) of the Federal Rules of Civil Procedure. As a result, Defendants argue, Plaintiff had an opportunity to timely file her complaint earlier in the day, and the Court should not exclude that day from its calculations of the limitations period. Presuming without deciding that Rule 6(a)(3) does not save Plaintiff's case, the Court instead turns to the applications of equitable tolling, which are–as explained above–rarely and narrowly applied. Under these unusual facts, the Court finds that the extraordinary circumstances of the clerk's office closing early without notice to the general public constitutes a situation beyond Plaintiff's control that made it impossible to file her claims on time. Even though Plaintiff contends court security officers told her upon entry to the building that the Clerk's office was closed, Plaintiff nevertheless requested to be escorted up to the office to verify that information and confirm that she could not file her complaint. Of particular importance is the fact that attorneys are not affected by the early closing of the Clerk's office because they have the ability (and are required) to file pleadings electronically and may do so until midnight of the filing deadline. Thus, enforcing the strict statute of limitations requirement against Plaintiff here under these facts would result in gross injustice since she, as a pro se party, is prohibited under the local rules from filing pleadings electronically and there is no longer a drop-box for parties to file pleadings after the Clerk's office has closed.

For these reasons, the Court, applying principles of equitable tolling, finds Plaintiff's filing on the next business day to be timely. The Court therefore DENIES that portion of Defendant's

motion.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The claims against Defendants David Mills and Rodney K. Deflumeri are hereby DISMISSED. The claims asserted against Patrick R. Donohoe, Postmaster General of the United States Postal Service remain.

IT IS SO ORDERED.

Signed: March 20, 2012

Frank D. Whitney
United States District Judge