# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11-CV-615-DCK

| | |
|---|---|
| KIMBERLY F. SHAREEF, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PATRICK R. DONAHOE, )<br>Postmaster General, U.S. Postal Service, )<br>)<br>Defendant. )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Request For Case Reassignment" (Document No. 42). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of this motion is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## BACKGROUND

Kimberly F. Shareef ("Plaintiff" or "Shareef"), appearing *pro se*, filed her "Complaint" (Document No. 1) on December 5, 2011. On February 10, 2012, "Defendant's Motion To Dismiss and Incorporated Memorandum" (Document No. 10) was filed with the Court. Plaintiff filed responses to the motion to dismiss (Document Nos. 11 and 12) on February 17, 2012 and February 21, 2012. Defendant's reply brief (Document No. 13) was filed on March 7, 2012; then on March 19, 2012, Plaintiff filed a sur-reply (Document No. 14).

On March 20, 2012, the Honorable Frank D. Whitney ("Judge Whitney") issued an "Order" (Document No. 15), noting that "sur-replies are not permitted under the Rules of this Court," and denying in part and granting in part the motion to dismiss. Specifically, the Court

held that the claims against individual Defendants David Mills and Rodney K. Deflumeri must be dismissed, but that her Complaint was timely filed. (Document No. 15).

The parties filed a "Certification And Report Of Initial Attorneys Conference" (Document No. 23) on May 8, 2012. In that report, the parties indicated that settlement in this case "is likely" and "may be enhanced by" a "Mediated Settlement Conference . . . after the completion of discovery – by February 28, 2013." (Document No. 23, p.2). The parties did not request a judicial settlement conference, or express any concerns or questions about alternative dispute resolution ("ADR"). (Document No. 23).

Defendant's "Motion For Pretrial Hearing On Federal Defendant's 12(b)(1) Defense Of Lack Of Subject Matter Jurisdiction" (Document No. 20) was filed on April 17, 2012. "Plaintiff's Response In Opposition to Motion Dismiss…" (Document No. 21) was filed on May 4, 2012, but did not indicate any opposition to a hearing on the motion. Defendant filed a "Notice Of Intent To File No Reply" (Document No. 22) on May 8, 2012.

Judge Whitney entered a "Case Management Order" (Document No. 24) on May 9, 2012. The "Case Management Order" set the following pertinent deadlines: Discovery Completion – November 6, 2012; ADR – November 20, 2012; and Dispositive Motions – December 4, 2012. (Document No. 24).

On June 6, 2012, the parties filed a "Joint Stipulation Of Consent To Exercise Jurisdiction By A United States Magistrate Judge" (Document No. 25) in accordance with 28 U.S.C. 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure. The parties' "Joint Stipulation…," signed by Plaintiff, states that the parties consent to a United States Magistrate Judge conducting "any and all further proceedings in this case." (Document No. 25).

"Plaintiff's Request To Waive Alternative Dispute Resolution Fee" (Document No. 38) was filed on October 22, 2012. This filing was not captioned by Plaintiff, or docketed by the Court, as a pending motion. (Document No. 38). Moreover, there was no contemporaneously filed brief, and no response in opposition, or reply in support of "Plaintiff's Request To Waive Alternative Dispute Resolution Fee" were ever filed with the Court pursuant to Local Rule 7.1 (E). See also Local Rule 7.1 (C).

On October 26, 2012, the undersigned issued an "Order" (Document No 39) that extended the case deadlines, including the mediation deadline; denied without prejudice "Plaintiff's Request For Motion To Compel / Defendants Failure To Produced Documents" (Document No. 32); and ordered the parties to appear on November 15, 2012, for a "Status And Motions Hearing."[1]

Following the hearing on November 15, 2012, the Court granted Defendant's "Motion For Pretrial Hearing On Federal Defendant's 12(b)(1) Defense Of Lack Of Subject Matter Jurisdiction" (Document No. 20). (Document No. 40). The undersigned specifically opined:

> For the reasons stated at the hearing, as well as those stated in Defendant's presentation at the hearing and in its written motion, the undersigned finds good cause to grant the pending motion. As a result, to the extent the Complaint (Document No. 1) attempts to assert claims pursuant to 42 U.S.C. §1985 and/or tort claims such as slander, false accusations, false reports and/or misrepresentations, those claims are dismissed. However, as discussed at the hearing, Plaintiff's claims pursuant to Title VII, including retaliation, and discrimination on the basis of race, gender, religion, and color, and/or claims of age discrimination, will all survive until otherwise ordered by this Court.

Id.

---

[1] The undersigned granted the parties' "Stipulation For Extension Of Discovery Cutoff To May 6, 2013" (Document No. 43), thus extending the discovery deadline to May 6, 2013, and the dispositive motions deadline to June 5, 2013. (Document No. 44). This matter is scheduled for trial, if necessary, during the civil term beginning August 19, 2013. (Document No. 39).

Apparently, the parties also conducted a Mediated Settlement Conference with Mediator Gary S. Hemric on November 15, 2012. (Document No. 41). Mr. Hemric filed a mediation report with the Court on November 19, 2012, indicating that the parties had reached an impasse and failed to resolve their dispute. Id. The undersigned notes that the parties' mediation was held more than four (4) months prior to the revised mediation report deadline. See (Document No. 39).

On February 19, 2013, "Plaintiff's Request For Case Reassignment" (Document No. 42) was filed with the Court. "Federal Defendant's Response In Opposition To Plaintiff's Request For Case Reassignment" (Document No. 45) was timely filed on March 8, 2013; and "Plaintiff's Reply To Defendant's Opposition To Plaintiff's Request For Case Assignment" (Document No. 49) was timely filed on April 1, 2013. As such the pending motion is now ripe for disposition.

## STANDARD OF REVIEW

"Plaintiff's Request For Case Reassignment" fails to cite any legal authority supporting reassignment of this case. (Document No. 42). However, both the "Federal Defendant's Response…," and "Plaintiff's Reply…," identify 28 U.S.C. § 455(a) as the guiding authority on whether a federal judge should disqualify himself or herself from a proceeding. (Document No. 45, p.2; Document No. 49, p.4). Under the circumstances, the undersigned agrees that § 455(a) is applicable here. See Clay v. Brown, Hopkins & Stambaugh, 892 F.Supp. 11, 13 (D.D.C. 1995) ("appropriate procedure for challenging the impartiality of a judge is through a motion for recusal pursuant to 28 U.S.C. § 455").

The Court finds the following recent analysis of this standard by the United States District Court for the District of South Carolina to be instructive.

> Recusal of federal judges is generally governed by 28 U.S.C. § 455. . . . That statute provides that "[a]ny justice, judge,

or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998).

    Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. DeTemple, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." Holland, 519 F.3d at 912.

    The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For instance, a judge is disqualified "[w]here he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). … Bias or prejudice must be proven by compelling evidence. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1025 (7th Cir. 2000).

Assa'ad-Faltas v. South Carolina, 2012 WL 3466936 at *1-2 (D.S.C. Aug. 15, 2012).

> Fundamental principles of due process require that the judge being accused of bias be given an opportunity to respond. Where litigants have attempted to bypass the trier of fact and in the first instance have sought to raise the issue of bias before an appellate court, they have generally been rebuffed. . . . "Recusal is a highly personal decision. The judge must assess the truth of the facts alleged and determine if they would impeach his impartiality or appearance of impartiality.... This is not a decision that an appellate panel may make for a district court judge in the first instance." Id. at 1301.

Brown, Hopkins & Stambaugh, 892 F.Supp. at 13 (internal citations omitted); see also, Southern Agriculture Co. v. Dittmer, 568 F.Supp. 645, 646 (D.C.Ark. 1983) (citing 28 U.S.C. § 455) ("Once a matter has been referred to a magistrate under his dispositive jurisdiction, he effectively becomes the district judge for that case. Removal of a magistrate from a case should then be governed by the same rules as a district judge where recusal becomes an issue.").

**DISCUSSION**

Plaintiff asserts that this action should be reassigned from the undersigned magistrate judge back to Judge Whitney. (Document No. 42, p.1). Based on "the various reasons stated [in her request], the Plaintiff feels that [] Judge Keesler will not be fair and impartial to her case." The undersigned respectfully disagrees that there is any evidence of impartiality, or bias toward *pro se* litigants, and will attempt to address in turn each of Plaintiff's "various reasons" she feels the undersigned "will not be fair and impartial to her case." (Document No. 42, p.3).

**A. Ruling On Defendant's Motion For Hearing And Partial Dismissal**

First, Plaintiff suggests that the undersigned's handling of Defendant's "Motion For Pretrial Hearing On Federal Defendant's 12(b)(1) Defense Of Lack Of Subject Matter Jurisdiction" (Document No. 20) was improper, and that the Court failed to appropriately consider and/or respond to "Plaintiff's Response In Opposition to Motion Dismiss…" (Document No. 21). (Document No. 42, p.1). As noted above, the undersigned reached a decision on that motion after considering the parties' briefs and their arguments at a status and motions hearing on November 15, 2012. (Document No. 40).

The undersigned observes that hearings in civil lawsuits are fairly rare in this Court, as such, rather than suffering bias, the record indicates that Plaintiff was allowed ample opportunity to voice her opposition to Defendant's motion for partial dismissal, both in her written response

6

(Document No. 21), and in person. The fact that Plaintiff disagrees with the Court's "Order" (Document No. 40) deciding Defendant's "Motion For Pretrial Hearing On Federal Defendant's 12(b)(1) Defense Of Lack Of Subject Matter Jurisdiction" (Document No. 20) is not sufficient evidence of bias or prejudice to warrant recusal.

**B. Alleged Violations Of The Federal Rules Of Civil Procedure**

Next, Plaintiff suggests that the undersigned has unevenly applied the Federal Rules of Civil Procedure by ignoring multiple alleged violations of the Rules by Defendant. (Document No. 42, pp.1-2). Plaintiff asserted a similar position in her "Motion To Strike" (Document No. 47). As addressed in the undersigned's "Order" (Document No. 48) denying the "Motion To Strike," it appears (understandably) that Plaintiff was not previously familiar with Fed.R.Civ.P. 6(b), which allows a party an additional three (3) days to serve a response. Moreover, the civil docket for this case generally provides the due date for responses and replies, and it does not appear that Defendant's filings have been inconsistent with the deadlines set forth on the docket. If there has been any extra leniency in this case it has been in favor of Plaintiff who early in this litigation filed multiple responses, and a sur-reply, without leave of the Court. (Document Nos. 11-12, 14).

**C. Request To Waive Mediation Fees**

Plaintiff also contends that the Court's failure to respond to her "…Request To Waive Alternative Dispute Resolution Fee" (Document No. 38) is evidence of bias. As noted above, that request was never construed as a pending motion by the Court, or fully briefed by the parties. It may be that "Plaintiff's Request to Waive…" was not construed as a pending motion by the Clerk's office because it did not include a contemporaneously filed brief, as required by Local Rule 7.1 (C). It appears that at or about the time Plaintiff filed her request to waive ADR

fees, Plaintiff entered into an "Agreement For Mediation Services" with Defendant and Mediator Gary Hemric that included a statement regarding the fees and costs the parties agreed to pay Mr. Hemric. (Document No. 38-1). To date, Plaintiff has failed to identify any authority to support her contention that the Court could have, or should have, waived her mediation fees. See (Document Nos. 38 and 42). Plaintiff has not cited any legal authority, and the undersigned is unaware of any authority, that would allow the Court to require a private mediator such as Mr. Hemric to waive his fees.

When Plaintiff filed her "…Request To Waive Alternative Dispute Resolution Fee" (Document No. 38) on October 22, 2012, she described the mediation date as "tentative." The record also indicates that before participating in mediation on November 15, 2012, Plaintiff knew a status and motions hearing was scheduled with the Court on that same date, and knew that the mediation deadline had been extended by several months to March 20, 2013. See (Document No. 39). Under such circumstances, it is unclear why Plaintiff agreed to participate in a mediation she allegedly could not afford, especially if she expected the Court to address an issue related to that mediation. Plaintiff's decision to go ahead with early alternative dispute resolution with a private mediator, and incur expenses that she had accepted in a written agreement, cannot be reasonably construed as supporting claims of bias or impartiality by the undersigned.

In hindsight, it is regrettable that Plaintiff's "…Request To Waive Alternative Dispute Resolution Fee" (Document No. 38) was not fully briefed; however, Plaintiff's argument that she was "forced" to go forward with mediation she could not afford is not persuasive. (Document No. 42, p.2). Even if Plaintiff's request had been construed as a motion and properly briefed, it is very unlikely that it would have been "ripe" and decided before the date the parties

chose to mediate. Neither in the "Certification And Report Of Initial Attorneys Conference" (Document No. 23), nor at any time since that filing, did either party request a judicial settlement conference, or any assistance identifying mediator.

**D. Extension Of Case Deadlines**

Plaintiff further suggests that by allowing the "Federal Defendant's Motion To Extend Discovery" (Document No. 35), "despite the Plaintiff's opposition," the undersigned was somehow biased or impartial. (Document No. 42, p.2). The undersigned observes that Defendant's request for an extension of the discovery deadline was thoroughly briefed by both parties and was only granted after "[h]aving carefully considered the motion, the record, and the applicable authority." (Document No. 39). Plaintiff's instant motion fails to explain how she suffered any significant prejudice by the extension of certain case deadlines, or how allowing such an extension is evidence of bias or impartiality. At the time the Court revised these case deadlines, including the discovery deadline which was less than two weeks away, the lawsuit was still operating under Judge Whitney's original "Case Management Order" (Document No. 24), even though the parties had subsequently consented to magistrate judge jurisdiction. Again, the fact that a party disagrees with a ruling by a judge is not, without more, evidence that is likely to cause a reasonable person to question a judge's impartiality.

Plaintiff's argument here is even less compelling in the context of recent events. Although Plaintiff now asserts that allowing an extension of deadlines on October 26, 2012 was somehow an example of bias or impartiality, just a few weeks after filing the instant motion, the parties filed a "Stipulation For Extension Of Discovery…" on March 4, 2013, that *further* extended the discovery deadline until May 6, 2013. See (Document No. 42, p.2; Document No. 43).

**E. Status And Motions Hearing**

Finally, Plaintiff argues that because the undersigned "mentioned that Attorney James Sullivan was a 'good man' and welcomed him back into his courtroom" at the hearing on November 15, 2012, "the judge is biased to the Defendant." (Document No. 42, p.2). Plaintiff contends that such a statement "implied to the Plaintiff that all future testimony [from] the Defendant will be viewed as true statements, without having to provide proof for his defense." Id. The undersigned respectfully disagrees that anything said or done at the hearing supports a finding that the undersigned cannot be fair and impartial. At the time of the hearing, Plaintiff expressed little, if any, opposition to Defendant's motion, and expressed no concern that she was being treated unfairly or was not allowed ample opportunity to address the Court.

What Plaintiff describes in her final argument is nothing more than a very brief exchange of courtroom pleasantries. Mr. Sullivan is a long-time employee of the United States Attorney's office and has appeared before this Court on numerous occasions. At the hearing on November 15, 2012, the undersigned welcomed Mr. Sullivan, as well as Plaintiff, just as is done repeatedly in this Court and courts all over this country. Plaintiff can be assured that the undersigned has no personal relationship with Defendant's counsel other than through routine Court duties.

For a judge to welcome an attorney "back into his courtroom" and refer to him as a "good man" is simply not the kind of conduct that would lead "a person with knowledge of the relevant facts and circumstances [to] reasonably question the judge's impartiality." See Cherry, 330 F.3d 658, 665 (4th Cir. 2003). The undersigned is aware of two cases where a party argued for disqualification pursuant to 28 U.S.C. § 455 because the presiding judge referred to someone as a "fine man." See Assa'ad-Faltas v. South Carolina, 2012 WL 3466936 at *2; In re Diana R.

Beard, 811 F.2d 818, 828-829 (4th Cir. 1987). In each instance, the courts held that calling someone a "fine man" was not sufficient cause for recusal. Id.

Plaintiff also contends that "Judge Keesler made complementary statements to Attorney James Sullivan" at the close of the hearing. (Document No. 42, p.2). In fact, it was Plaintiff the undersigned complimented at the conclusion of the hearing, stating to her "Ms. Shareef, you did very well, good job," to which she responded, "thank you very much, sir."

## CONCLUSION

"We as judges take great pains to afford every litigant due process of law." Brown, Hopkins & Stambaugh, 892 F.Supp. at 15. "Indeed, in actions brought by *pro se* plaintiffs . . . the judicial system leans over backward to afford them every opportunity to be heard." Id. Such is the case with this judge in this lawsuit. It is regrettable that Plaintiff feels she has been treated unfairly, but the undersigned does not find that her "various reasons" provide sufficient support for recusal. As noted above, the record of this case actually shows that Plaintiff has had ample opportunity to be heard. Moreover, it appears that the crux of Plaintiff's case against Defendant is intact, and that her remaining claims involving discrimination and retaliation are still pending and will likely be decided following a summary judgment motion or trial. Plaintiff should be assured that the undersigned has, and will continue to, preside over this matter without any bias or impartiality.

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Request For Case Reassignment" (Document No. 42) is **DENIED**.

Signed: May 1, 2013

David C. Keesler
United States Magistrate Judge