IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:11-CV-615-DCK

| KIMBERLY F. SHAREEF, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | **ORDER** |
|  | ) |  |
| PATRICK R. DONAHOE, | ) |  |
| Postmaster General, U.S. Postal Service, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Case Reassignment" (Document No. 90) filed on October 31, 2013. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of this motion is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

Plaintiff's motion states that she has filed "Judicial Misconduct Complaints" against the presiding judge and his law clerk. (Document No. 90, p.1). Plaintiff further asserts that she believes that the presiding judge "has a strong and longstanding bias towards the Defendant" and "alleges that Judge Keesler has a deep-seated personal, bias against pro se litigants." Id.

On November 1, 2013, the undersigned granted "Plaintiff's Motion To Stay Further Proceedings Pending Case Reassignment" (Document No. 91). (Document No. 92). In that "Order" the undersigned determined that it was appropriate to "refrain from ruling on Plaintiff's 'Motion For Case Re-Assignment' (Document No. 90) until the Chief Circuit Judge of the Fourth Circuit has reached an initial decision on Judicial Complaint No. 04-13-90112" and as such, there was "good cause to allow 'Plaintiff's Motion To Stay…' pending a ruling on the

'Motion For Case Re-Assignment.'" Id. The Court also advised Plaintiff "to be prepared to file a response to the 'Federal Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment' (Document No. 62) soon after the Court rules on Plaintiff's 'Motion For Case Re-Assignment' (Document No. 90)."

On November 1, 2013, the undersigned received a copy of a "Memorandum And Order" issued by Chief Judge William B. Traxler, Jr. regarding In the Matter of a Judicial Complaint Under 28 U.S.C. § 351, No. 04-13-90112. That "Memorandum And Order" dismissed Plaintiff's Judicial Complaint against the undersigned. In pertinent part Chief Judge Traxler's decision states:

> Complainant's allegations are directly related to the merits of the magistrate judge's rulings and contain no facts suggesting that the decisions were improperly motivated or the result of misconduct. Nothing in the record suggests bias or misconduct on the part of the judge. The complainant's objections to the court's factual and legal reasoning and conclusions and to the court's procedures are not the proper subject of a judicial misconduct complaint but must instead be pursued through appeal.

In the Matter of a Judicial Complaint Under 28 U.S.C. § 351, No. 04-13-90112, p.3, Nov. 1, 2013. The undersigned notes that Plaintiff has in fact pursued at least some of her objections to the undersigned's rulings through appeal, and those appeals have been dismissed by the Fourth Circuit. See (Document No. 88).

After careful review of Plaintiff's "Motion For Case Re-Assignment" (Document No. 90), and in light of the Fourth Circuit's decisions on both Plaintiff's appeals and the allegations of misconduct, the undersigned is not persuaded that re-assignment or recusal is appropriate or necessary in this case. Again, Plaintiff has expressed objections to certain decisions by the Court, but there is no support for her claim that the undersigned has a personal bias against this Plaintiff or against *pro se* litigants in general. (Document No. 90).

On May 1, 2013, the undersigned denied Plaintiff's earlier "…Request For Case Reassignment" (Document No. 42). (Document No. 50). In that decision, the undersigned found the following analysis instructive:

> Recusal of federal judges is generally governed by 28 U.S.C. § 455. . . . That statute provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality. United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003). For purposes of this statute, the hypothetical "reasonable person" is not a judge, because judges, who are trained to regard matters impartially and are keenly aware of that obligation, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998).
>
> Section 455(a) does not require recusal "simply because of unsupported, irrational or highly tenuous speculation," or because a judge "possesses some tangential relationship to the proceedings." Cherry, 330 F.3d at 665 (internal quotation omitted). The Fourth Circuit recognizes that overly cautious recusal would improperly allow litigants to exercise a "negative veto" over the assignment of judges simply by hinting at impropriety. DeTemple, 162 F.3d at 287. Recusal decisions under 28 U.S.C. § 455(a) are "fact-driven and may turn on subtleties in the particular case." Holland, 519 F.3d at 912.
>
> The statute provides a list of specific instances where a federal judge's recusal is mandated, regardless of the perception of a reasonable observer. 28 U.S.C. § 455(b). For instance, a judge is disqualified "[w]here **he has a personal bias or prejudice concerning a party**." 28 U.S.C. § 455(b)(1). … **Bias or prejudice must be proven by compelling evidence**. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1025 (7th Cir. 2000).
>
> Assa'ad-Faltas v. South Carolina, 2012 WL 3466936 at *1-2 (D.S.C. Aug. 15, 2012).
>
> Fundamental principles of due process require that the judge being accused of bias be given an opportunity to respond. Where litigants have attempted to bypass the trier of fact and in the first

> instance have sought to raise the issue of bias before an appellate court, they have generally been rebuffed. . . . "Recusal is a highly personal decision. The judge must assess the truth of the facts alleged and determine if they would impeach his impartiality or appearance of impartiality.... This is not a decision that an appellate panel may make for a district court judge in the first instance." Id. at 1301.
>
> Brown, Hopkins & Stambaugh, 892 F.Supp. at 13 (internal citations omitted); see also, Southern Agriculture Co. v. Dittmer, 568 F.Supp. 645, 646 (D.C.Ark. 1983) (citing 28 U.S.C. § 455).

(Document No. 50, pp.4-6) (emphasis added).

Here, Plaintiff has failed to present any evidence, much less compelling evidence, of personal bias or prejudice concerning a party. See Brokaw v. Mercer Cnty., 235 F.3d at 1025. As in Brokaw v. Mercer, "the only evidence of bias [Plaintiff] presents consists of judicial rulings. Moreover, those rulings do not demonstrate evidence of personal animosity or malice, which is necessary to succeed on a Section 455(b)(1) motion." Id.

As previously stated by the undersigned, the crux of Plaintiff's case against Defendant is intact, and her claims involving discrimination and retaliation are still pending and will likely be decided by a summary judgment motion or trial. See (Document No. 50, p.11). Plaintiff's allegation that the undersigned has "pre-determined the outcome of Plaintiff's civil complaint" is simply without merit. (Document No. 90, p.9). The undersigned is prepared to carefully consider Plaintiff's response to the "Federal Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment" (Document No. 62), as well as Defendant's anticipated reply brief in support of its motion, and to then apply the law without any bias or partiality.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Case Reassignment" (Document No. 90) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to the "Federal Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment" (Document No. 62) on or before **November 15, 2013**.  Failure to file a timely and persuasive response may lead to Defendant being granted the relief it seeks, including dismissal of this lawsuit.

Signed: November 4, 2013

David C. Keesler
United States Magistrate Judge