# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:11-CV-615-DCK

| | |
|---|---|
| KIMBERLY F. SHAREEF, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| PATRICK R. DONAHOE, Postmaster General, U.S. Postal Service, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Federal Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment" (Document No. 62). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is now ripe for disposition. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion.

## BACKGROUND

Kimberly F. Shareef ("Plaintiff" or "Shareef"), appearing *pro se*, filed her "Complaint" (Document No. 1) on December 5, 2011. On June 6, 2012, the parties filed a "Joint Stipulation Of Consent To Exercise Jurisdiction By A United States Magistrate Judge" (Document No. 25) in accordance with 28 U.S.C. 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure.

On November 15, 2012, the undersigned held a motions hearing, after which the pending claims against Patrick R. Donahoe, Postmaster General, U.S. Postal Service ("Defendant" or "Donahoe") were somewhat narrowed. Following that hearing, the Court granted Defendant's "Motion For Pretrial Hearing On Federal Defendant's 12(b)(1) Defense Of Lack Of Subject

Matter Jurisdiction" (Document No. 20). See (Document No. 40). The undersigned specifically opined:

> For the reasons stated at the hearing, as well as those stated in Defendant's presentation at the hearing and in its written motion, the undersigned finds good cause to grant the pending motion. As a result, to the extent the Complaint (Document No. 1) attempts to assert claims pursuant to 42 U.S.C. §1985 and/or tort claims such as slander, false accusations, false reports and/or misrepresentations, those claims are dismissed. However, as discussed at the hearing, Plaintiff's claims pursuant to Title VII, including retaliation, and discrimination on the basis of race, gender, religion, and color, and/or claims of age discrimination, will all survive until otherwise ordered by this Court.

(Document No. 40, p.1); see also (Document No. 50, p.3).

"Federal Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment" (Document No. 62) was filed **June 19, 2013**. Defendant seeks dismissal pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(6), 12(c) and 56. (Document No. 62). Due to numerous delays and extensions, Plaintiff has yet to file a response to the pending dispositive motion. On November 14, 2013, the Court allowed a final extension of time for Plaintiff to respond, specifically ordering that

> Plaintiff shall file a response to the "Federal Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment" (Document No. 62) on or before **November 20, 2013**. Failure to file a timely and persuasive response may lead to Defendant being granted the relief it seeks, including dismissal of this lawsuit. Barring extraordinary circumstances, there will be no further extensions of this deadline.

(Document No. 96).

Since that "Order" (Document No. 96), Plaintiff has failed to file her response, or show that extraordinary circumstances require that she be allowed additional time to do so. As such, immediate disposition of this matter is appropriate.

## STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at

1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted). Only disputes between the parties over material facts (determined by reference to the substantive law) that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A

dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party."  Id.

Once the movant's initial burden is met, the burden shifts to the nonmoving party.  Webb v. K.R. Drenth Trucking, Inc., 780 F.Supp.2d 409 (W.D.N.C. 2011).  The nonmoving party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing there is a genuine issue for trial."  Anderson, 477 U.S. at 248.  In deciding a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party, that is, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  Anderson, 477 U.S. at 255.  At summary judgment, it is inappropriate for a court to weigh evidence or make credibility determinations.  Id.

## DISCUSSION

As noted above, Plaintiff's most recent deadline to file a response to the pending motion was November 20, 2013.  (Document No. 96).  Plaintiff failed to file a timely response or request and extension of time to do so.  In addition, the undersigned issued an "Order" (Document No. 98) on November 22, 2013 requiring "that Plaintiff shall **SHOW CAUSE** on or before **December 6, 2013**:  (1) why she has failed to file a response to the pending motion as ordered by the Court; (2) why the pending motion should not be **GRANTED**; and (3) why this case should not be **CLOSED** immediately."  The Court noted in that Order that "[i]t appears to the undersigned that Plaintiff is declining to further prosecute her lawsuit and that she has failed to comply with an Order of this Court."  (Document No. 98, p.2).

In "Plaintiff's Response To The Court Order To Show Cause" (Document No. 101) filed on November 26, 2013, she contends that "[i]ntervening circumstances beyond the Plaintiff's

control has caused a delay in Plaintiff's response to Defendant's motion." More specifically, Plaintiff suggests that she is/was needed to care for her ill grandmother and was, therefore, unable to file a response to the pending motion between November 15, 2013 and November 22, 2013. (Document No. 101). "Plaintiff's Response To The Court Order To Show Cause" did not request additional time to file a response to Defendant's motion, or otherwise forecast when, or if, she intended to file a response. Id.

To date, Plaintiff continues to fail and/or decline to file a response and the time to do so has lapsed. Despite Plaintiff's purported hardships, she filed a "Motion For Emergency Stay Pending Appeal And Petition For Review" (Document No. 102) on December 4, 2013, indicating that on the same date she had also filed her third "Notice Of Appeal" (Document No. 103) to the Fourth Circuit Court of Appeals. Apparently, Plaintiff seeks to appeal the undersigned's "Order" (Document No. 93) denying Plaintiff's second "Motion For Case Reassignment" (Document No. 90). (Document No. 102); see also (Document No. 103). Plaintiff's most recent motion acknowledges that she has been ordered by the Court to file a response to the Defendant's dispositive motion, but indicates that she will continue to decline to file a response because she believes it "will prove futile." (Document No. 102, p.3); see also (Document No. 101).

Plaintiff's "Motion For Emergency Stay Pending Appeal And Petition For Review" (Document No. 102) was denied on December 4, 2013. (Document No. 105). The Court did "not find good cause for a Stay of this matter," and signaled that a decision on the pending dispositive motion would issue as soon as practicable. Id.

This Court has previously adopted, and again finds instructive, the decision in Steed v. Morton, 2007 WL 3306779 (D.S.C. Nov. 6, 2007) dismissing a case brought by a *pro se* plaintiff

who failed to file a response to pending motions to dismiss and for summary judgment, pursuant to Fed.R.Civ.P. 41(b). The court in Steed specifically held:

> A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084, 110 S.Ct. 1145, 107 L.Ed.2d 1049 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:
>
>> (1) the degree of plaintiff's responsibility in failing to respond;
>>
>> (2) the amount of prejudice to the defendant;
>>
>> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>>
>> (4) the existence of less drastic sanctions other than dismissal.

Steed, 2007 WL 3306779, at *2 (quoting Davis v. Williams, 588 F.2d 69 (4th Cir. 1978)); see also, Mattison v. Wideman, 2006 WL 2864473 (D.S.C. 2006); We the People of Mecklenburg County, L.L.C. v. We the People USA, Inc., 3:07cv117-MR-DCK, 2008 WL686853, at *5-6 (W.D.N.C. Mar. 10, 2008); and Gatewood v. Mueller, 3:10cv273-RJC-DCK, 2010 WL 4225904, at *1 (W.D.N.C. Sept. 28, 2010).

The undersigned finds that Plaintiff's history of dilatory conduct, including her continuing refusal to file a response to the pending dispositive motion, warrants dismissal of this lawsuit. Plaintiff has been repeatedly advised of her right to respond, allowed additional time to respond, ordered to file a response, and warned that "[f]ailure to file a timely and persuasive response may lead to Defendant being granted the relief it seeks, including dismissal of this

lawsuit." (Document No. 96); (Document No. 64) (citing <u>Roseboro v. Garrison</u> 582 F.2d 309 (4th Cir. 1975); <u>see also</u> (Document Nos. 71, 76, 79, 81, 86, 89, 92, 93).

The undersigned also finds that because Plaintiff appears *pro se*, she is "personally responsible for the actions leading to dismissal." <u>Mattison</u>, 2006 WL 2864473, at *2 (quoting <u>Sadler v. Dimensions Health Corp.</u>, 178 F.R.D. 56, 60 (D.Md.1998)). Moreover, the undersigned has repeatedly warned Plaintiff of the likelihood that her failure to respond would lead to sanctions, including dismissal, and is unaware of less drastic sanctions which might lead to this litigant complying with Court orders. Based on the foregoing, the undersigned concludes that dismissal here is appropriate pursuant to Fed.R.Civ.P. 41(b).

In addition, the undersigned has reviewed the "Federal Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment" (Document No. 62) and finds it persuasive. As discussed herein, Plaintiff is either unable or unwilling to rebut what appear to be sound arguments by Defendant. Under the circumstances, and in the interest of judicial economy, the undersigned will decline to engage in a more complete analysis of the pending motion, but is satisfied that Rule 41(b) and/or the authority cited by Defendant support dismissal of this lawsuit.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that the "Federal Defendant's Motion To Dismiss Or, In The Alternative, For Summary Judgment" (Document No. 62). is **GRANTED.**

**IT IS FUTHER ORDERED** that "Plaintiff's Motion For A Neutral Court Appointed Computer Forensics Expert" (Document No. 94) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: December 10, 2013

David C. Keesler
United States Magistrate Judge